UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT D. SANGO,

        Plaintiff,

v.                                Case No. 2:15-cv-100
                                HON. GORDON J. QUIST

TODD BASTIAN, et al.,

        Defendants.

_____/

### REPORT AND RECOMMENDATION

Plaintiff Robert D. Sango filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant Todd Bastian. Plaintiff alleges that Defendant Bastian poisoned his food, causing Plaintiff to get very sick. Plaintiff alleges that Defendant Bastian has enticed other officers to place items in Plaintiff's food. Plaintiff alleges, that while eating potato salad, he felt a sharp pain and had to pull a tack out of his mouth. Plaintiff has been informed by kitchen workers that they observed Defendant Bastian "messing with my tray every day." Plaintiff alleges that "Bastain continues to target me, even try to pay a gang leader to stab me. He himself actually stabbing me, thinking I would turn around swinging."

Plaintiff filed a motion for summary judgment (ECF No. 16). Defendant did not file a response to that motion. Defendant filed a motion to revoke plaintiff's *in forma pauperis* status under § 1915(g) (ECF No. 22). Plaintiff filed a response to that motion (ECF No. 24)

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the non moving party in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that he is entitled to summary judgment because Defendant Bastian put poison in Plaintiff's food and Plaintiff became sick after eating his food. Plaintiff supports his claim by arguing that Defendant Bastian told another prisoner that he would put something in that prisoner's food just as he did to Plaintiff's food. Plaintiff's motion for summary judgment is simply a restatement of the allegations in his complaint. Plaintiff has not shown a lack of a genuine issue of fact. In the opinion of the undersigned, there exists an issue of fact regarding whether Defendant Bastian put something in Plaintiff's food that caused Plaintiff to get sick. The record in this case

does not compel a conclusion that summary judgment should be granted in Plaintiff's favor at this time.

Defendant argues that Plaintiff's *in forma pauperis* status should be revoked because he has three strikes against him. There is no dispute that Plaintiff has three strikes against him. Plaintiff argues that at the time he filed his complaint he was in imminent danger of serious physical injury allowing his *in forma pauperis* status despite his three strikes. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

> upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Defendant argues that Plaintiff never alleged that he was in imminent danger at the time he filed his complaint. Defendant contends that Plaintiff simply alleges that he had already been poisoned by Defendant and that he was not in any immediate or prospective danger at the time he filed his complaint.

The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.*

> *Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir.2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In *Vandiver*, the Sixth Circuit reversed the district court's revocation of a prisoner's *in forma pauperis* status concluding "that a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfied the imminent-danger exception." *Id.* at 586. The plaintiff in *Vandiver* alleged that lack of medical care for his chronic illness could result in coma, death, loss of limbs, pain, anguish, or distress. The plaintiff further alleged that he already suffered with partial amputation of his feet.

In this case, Defendants argue that allegations of past physical harm fail to satisfy the imminent danger exception. *Percival v. Gerth*, 443 Fed. Appx. 944 (6th Cir. 2011). Plaintiff argues that he asserted more than allegations of past physical harm in amended complaint. Plaintiff alleged:

> When Bastain came to my unit, he rallied the Officers in a intense campaign (the only thing slowing them down was that they were all

- 5 -

>   trying to be as clever as possible), and that first week, every day my food trays came late, was open, or there was food missing. Then one day while eating my potato salad, I felt a sharp pain in my gum. I pulled a tack out of my gum (and sent it to the court). Kitchen workers say they witnessed Bastain messing with my tray every day, and that they feared being targeted, but that I should get off the tray to avoid them singling out my tray. Bastain continues to target me, even try to pay a gang leader to stab me. He himself actually stabbing me, thinking I would turn around swinging (as I was on high alert), etc.

PageID.37. In the opinion of the undersigned, Plaintiff has sufficiently plead allegations in his amended complaint that, if true, show that he was in immediate danger of physical harm.

Accordingly, it is recommended that Plaintiff's motion for summary judgment (ECF No. 16) be denied, and Defendant's motion to revoke Plaintiff's *in forma pauperis* status (ECF No. 22) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: April 26, 2016                    /s/ TIMOTHY P. GREELEY
                                         TIMOTHY P. GREELEY
                                         UNITED STATES MAGISTRATE JUDGE