UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT D. SANGO,

        Plaintiff,        Case No. 2:15-cv-100

v.        HON. GORDON J. QUIST

UNKNOWN BASTIAN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Robert D. Sango pursuant to 42 U.S.C. § 1983. Plaintiff has asserted an Eighth Amendment violation against Defendant Bastian. Plaintiff alleges that while he was confined in the Baraga Corrections Facility, Defendant Bastian poisoned his milk. Defendant Bastian informed Plaintiff that food service used flour instead of soy powder in his religious "smart milk." Plaintiff allegedly became sick after drinking his milk. Defendant Bastian allegedly told prisoner Oliver that he had poisoned Plaintiff.

On August 4, 2016, Defense Counsel filed a Notice Of Related Cases (ECF No. 40). Defense counsel indicated that this case related to Case No. 2:15-cv-105, where Plaintiff has asserted the identical allegations against Defendant Bastian regarding putting flour in his milk. In Case No. 2:15-cv-105, Plaintiff claims that Defendant Bastian retaliated against him. Defense counsel noted that in Case No. 2:15-cv-105, Judge Quist has granted Plaintiff's motion for reconsideration from summary judgment for failure to exhaust administrative remedies based upon *Ross v. Blake*, 136 S.Ct. 1850 (2016). For that reason counsel stated that "it would be futile to file a failure-to-exhaust motion in the instant case." Nevertheless, Defendant Bastian has now filed a motion for summary judgment (ECF No. 45) on the ground that Plaintiff failed to exhaust his available administrative remedies.

Plaintiff filed a response (ECF No. 49) and a motion for sanctions (ECF No. 50).  Defendant Bastian filed a response (ECF No. 52) to the motion for sanctions.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W.

2

SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218-19.  In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison

3

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). [1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB.

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id.* at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ V of PD 03.02.130. *Id.* at ¶Q. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.* Regardless of whether the grievance is filed with grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with PD 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

Defendant states that Plaintiff alleges that he was poisoned on or before July 28, 2015. Defendant has attached the MDOC Prisoner Step III Grievance Report at Exhibit 1. Defendant argues that since Plaintiff filed this lawsuit on July 31, 2015, and the MDOC never received a step III appeal regarding a claim against Defendant Bastian prior to that date, Plaintiff could not have exhausted his grievance remedies before he filed his complaint. Plaintiff alleges that the "poisoning" began in late May of 2015. Moreover, Plaintiff argues that because the former assistant attorney general assigned

5

to defend the case indicated that it would be futile to file an exhaustion motion, this motion was filed in bad faith.

Defense counsel based this conclusion on the ruling made in Case No. 2:15-cv-105 which granted Plaintiff's motion for reconsideration of summary judgment on the exhaustion issue. In that case, Plaintiff alleged that Defendant Bastian put flour in Plaintiff's milk in retaliation for Plaintiff's litigation activities and grievance filings against prison guards at his former prison. Judge Quist found that a genuine issue of fact existed under *Ross v. Blake*, 136 S.Ct. 1850 (2016), because Plaintiff's verified complaint stated that he attempted to file a grievance, but that Defendants removed the grievance from the mailbox and threatened Plaintiff. Plaintiff's allegations were considered truthful because Defendants failed to counter those allegations or meet their burden of proof to demonstrate that Plaintiff failed to exhaust his grievance remedies. (ECF No. 33).

In this case, after a different assistant attorney general took over the defense, the new attorney filed this motion asserting that Plaintiff failed to exhaust his grievance remedies prior to filing his complaint. The motion argues that Plaintiff filed his complaint before the MDOC had a sufficient amount of time to make a decision on any grievance that Plaintiff had filed. The Court has already ruled in Case No. 2:15-cv-105 that an issue of fact exists regarding whether Defendants thwarted Plaintiff's attempt to grieve this issue, and whether Plaintiff was subjected to threats as a result of his refusal to drop his claim. These issues have never been addressed by Defendant Bastian. In this motion, Defendant argues that Plaintiff failed to provide the MDOC with enough time to complete the grievance process. However, that argument assumes that Plaintiff was able to file a grievance and ignores Plaintiff's assertion in Case No. 2:15-cv-105 that he was prevented from filing a grievance on this issue by Defendant. However, it appears that Plaintiff has failed to make consistent allegations in each of his cases regarding what he did in order to exhaust grievances. In fact, in this case Plaintiff

has asserted that he actually submitted a Step I, Step II, and Step III grievance on the issues presented in the complaint.

Plaintiff has filed a motion for sanctions against Defendant for filing this motion in bad faith.  Defendant argues that he can prove that Plaintiff's claim is false.  Defendant points to Plaintiff's motion to estop defense from raising exhaustion.  (ECF No. 18).  In that motion, Plaintiff asserts that he did not receive a Step I or Step II response, and that he submitted a Step III grievance on June 23, 2015.  (ECF No. 73).  Plaintiff's complaint was dated July 28, 2015, and filed on July 31, 2015.  MDOC policy allows 120 days to complete the grievance process from the date of filing of the Step I grievance and the Step III response.  Policy Directive 03.02.130.  Plaintiff alleges that the poisoning began in late May of 2015, but he filed his complaint on July 31, 2015.  Clearly, Plaintiff failed to wait 120 days from the date he could have filed a Step I grievance until he filed his lawsuit.  Moreover, based upon Plaintiff's own statement in his "Motion to Estop Defense From Raising Exhaustion," Plaintiff admittedly filed this complaint before the grievance process could be completed.

In fact, it appears that Plaintiff did file a grievance on the issue of the alleged poisoning by Defendant Bastian.  Plaintiff filed another case against Defendant Bastian that has been dismissed by this court.  Case No. 2:15-cv-136.  In that case, one of Plaintiff's allegations was that Defendant Bastian attempted to get other prisoners to stab Plaintiff.  The Court dismissed that claim because Plaintiff failed to exhaust his administrative remedies.  Defendants submitted copies of Plaintiff's grievances.  Grievance AMF 15-07-1528-17a raised a claim that Defendant Bastian may have poisoned Plaintiff.  (ECF No. 26, PageID.184).  Plaintiff submitted that grievance dated June 24, 2015, on June 25, 2015.  The Step I response was issued on August 6, 2015.  According to the MDOC Prisoner Step III Grievance Report filed in this case at PageID.191, The Step III response was mailed to Plaintiff on December 31, 2015.

It is clear that Plaintiff failed to exhaust his claim through each Step of the grievance process prior to filing his complaint in this case. The Court can only make this conclusion by reviewing the separate cases that Plaintiff has filed and taking note of the inconsistencies presented among these cases. If the Court simply relies upon the asserted factual support in each separate motion in a case, it is difficult to determine whether Plaintiff exhausted his claims or whether Plaintiff's assertion that he was prohibited from exhausting his claims creates a genuine issue of fact. As Defendant noted in this case, Plaintiff has not claimed that he was prevented from filing a grievance against Defendant Bastian for poisoning. Although, Plaintiff did make that claim in Case No. 2:15-cv-105. In this case, Plaintiff asserts that he did file grievances at each Step but he never received a response. Grievance AMF 15-07-1528-17a was filed and exhausted at each Step by Plaintiff. Plaintiff, however, did not wait until that grievance was complete or until 120 days passed from the time he submitted his Step I grievance on June 25, 2015, before he filed his complaint in this matter. When the evidence is considered collectively, it is clear that Plaintiff failed to properly exhaust the issues presented in this case before he filed his complaint. In the opinion of the undersigned, Plaintiff's complaint should be dismissed due to his failure to exhaust his administrative remedies before he filed his complaint and Plaintiff's motion for sanctions should be denied.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No.45) be granted dismissing Defendant Bastian without prejudice. It is further recommended that Plaintiff's motion for sanctions (ECF No. 50) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and

recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

Dated:     March 27, 2017                   */s/ Timothy P. Greeley*
                                            TIMOTHY P. GREELEY
                                            UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).